UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORRINA ESTELLE WESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-2630-JAR |
| | ) |
| BRISTOL MYERS SQUIBB CO., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Corrina Estelle Wester's motion seeking leave to commence this civil action without prepaying fees or costs. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555); *see also Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (while courts accept well-pleaded facts as true, courts are free to ignore unsupported conclusions and unwarranted inferences.).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff brings this products liability action against Bristol Myers Squibb Co., Otsuka Pharmaceutical Co., Ltd., and Otsuka Pharmaceutical Co., Inc. She invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. She alleges she began engaging in negative behaviors after Abilify was prescribed for her in 2006. Her allegations in support of her claims are best understood if quoted in full. They are as follows.

> I was prescribed Abilify in 2006, shortly after that and for the next 10 yrs (for the better part) I experienced compulsive behaviors that I did not have prior to taking

2

Abilify. My shopping, gambling, sexual and lottery ticket addictions were out of control. I was in a state of impulse and nervouse [sic] at all times and complained to my doctor constantly. I was hospitalized for suicidal ideations (I thought about suicide a lot) I gained weight rapidly. Abilify took so much from my life that I cannot get back.

. . .

My impulsive behavior and constant urges to gamble, buy lottery tickets or just spend money caused me a lot of legal problems as well. My sexual compulsion led to an unwanted pregnancy abortion and the end of my marriage. I spent approx. $300-$500 per week on lottery tickets alone. I never recovered from the devestation [sic]. I wish I would have known, I never would have chanced taking Abilify at all. Those companies should have told us.

(ECF No. 1 at 7, 9). Plaintiff seeks damages in the amount of $750,000 for mental suffering and "loss of money due to compulsive behaviors." *Id.* at 8.

## Discussion

For the purpose of conducting the following analysis in conjunction with its obligation to review the complaint pursuant to 28 U.S.C. § 1915, the Court will presume that the requirements of 28 U.S.C. § 1332(a) are met. Federal courts sitting in diversity "apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).

Having thoroughly reviewed and liberally construed the complaint, the Court concludes that plaintiff has failed to allege facts permitting the reasonable inference that any defendant is liable for any misconduct. As noted above, while well-pleaded factual allegations of fact are taken as true, this Court is free to ignore unsupported conclusions and inferences. *Wiles*, 280 F.3d at 870. Here, the factual allegations the Court accepts as true are that plaintiff was prescribed Abilify in 2006, and that "for the better part" of the next decade she engaged in negative behavior. Plaintiff alleges no facts permitting the reasonable inference that her negative behavior can be attributed to Abilify, or even that she used Abilify in a manner reasonably anticipated during the relevant time period. Instead, plaintiff offers unsupported conclusions and

3

inferences, which this Court will not accept as true. *See id.*; *see also Engel v. Corrigan Co.-Mech. Contractors, Inc., a Div. of Corrigan Bros., Inc.*, 148 S.W.3d 28, 30 (Mo. Ct. App. 2004) (describing the elements of a products liability claim). Plaintiff also fails to plead facts permitting the inference that any defendant failed to adequately warn of the risk. Even if it could be said that plaintiff's concluding statement "[t]hose companies should have told us" amounts to a sufficient allegation that any defendant failed to adequately warn of the risk, plaintiff alleges nothing permitting the reasonable inference that her negative behavior was attributable to Abilify. *See Johnson v. Medtronic, Inc.*, 365 S.W.3d 226 (Mo. Ct. App. 2012) (a failure-to-warn claim requires demonstration of proximate cause).

In sum, plaintiff's allegations are nothing more than the "the defendant unlawfully harmed me" accusations that the Supreme Court has found deficient. *See Iqbal*, 556 U.S. at 678. When a complaint's factual allegations permit the inference only that it is possible, not plausible, that injury occurred, the complaint fails to meet the minimum standard. *See Twombly*, 550 U.S. at 570, *Iqbal*, 556 U.S. at 678. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of February, 2020.

                                                      _____
                                                      JOHN A. ROSS
                                                      UNITED STATES DISTRICT JUDGE